People *v.* Simonds.

## THE PEOPLE *v.* SIMONDS.

On trial for murder, it was shown that defendant's wife had an interview with him on the afternoon of the day after the killing, at the house of L., just before the wife came to the house of H., and about an hour before defendant was arrested; that defendant, at that interview, gave his wife two twenty dollar gold pieces, and that they were alone for half an hour. H. was called as a witness for the prosecution, and said defendant's wife came directly from L.'s house to the house of witness ; "she showed me a hundred dollars." The witness was then about to state what the wife said when she exhibited the hundred dollars. Defendant objected. Overruled, and witness said : " The defendant's wife told me that the defendant gave her the money at L.'s house, and asked me to take care of it for her," which witness declined. The witness then stated that the wife buried the money for three or four days, and then dug it up, when she and the wife examined the five twenty dollar gold pieces and found blood on two of them ; *Held,* that though it was perhaps competent to prove by the witness, H., that the wife was in possession of the money, its appearance, and what she did with it, yet that the *declarations* of the wife that her husband had given her the money were inadmissible.

Such declarations, if made by a third person, would be mere hearsay, and there is no difference in principle between the wife's declaration and that of any one else.

The rule, as sometimes held, that the declarations of a party at the time of doing an act which is legal evidence are admissible as parts of the *res gestœ*, cannot be so applied as to admit, as against third persons, declarations of a past fact having the effect of criminating such third persons.

APPEAL from the Sixth District.

Indictment for murder of one Russell. The crime was charged to have been committed on the thirteenth of July, 1860—the weapons used being a pistol and knife.

On the trial the prosecution introduced one Lovelace as a witness, who testified that on the twenty-first of August, 1860, he found a watch which defendant had on his person when arrested on the fourteenth of July previous, but which was missing when defendant was taken to the jail, soon afterwards. The District Attorney asked witness if he obtained from any one information as to where he would find the watch, and if so, from whom, and what was the information, and whether he acted upon it. Defendant objected to any evidence of statements of defendant's wife, as irrelevant and incompetent, defendant not being present. Overruled, defendant excepting, and the witness answered : " Defendant's wife directed me to go, and where to go for the watch," and that he went as directed, and found the watch, near the place of defendant's arrest, in the grass.

Mrs. Hilliard was then introduced as a witness, who testified as follows : " I did not see defendant, Simonds, on the fourteenth July, but saw Mrs. Simonds, defendant's wife, on that day. She came to my house from Mr. Lovelace's." The District Attorney then asked, " Did Mrs Simonds show you anything on that day ? " Objected to, and the District Attorney stated his object thus : " I propose to show that Mrs. Simonds exhibited to the witness the money proved to have been given her just previously by defendant, and that it was bloody ; that there were several empty purses found in possession of defendant, and one of them had the name of deceased, B. J. Russell, marked on it, and that deceased had just before his death a large amount of money." Witness was then allowed to proceed, and said : " I saw her come directly from Mr. Lovelace's ; she showed me a hundred dollars." Witness being about to state what defendant's wife said, defendant objected, that it was hearsay, irrrelevant, and a statement made by the wife in defendant's absence, etc. Overruled, and the witness said : " The defendant's wife told me that defendant gave her the money at Mr.

Lovelace's, and asked me to take care of it for her.  I objected, because it might be stolen, and she kept it.  She rolled it up in a silk handkerchief and buried it.  It was buried for three or four days, and then dug up.  She examined the money to see if there were any private marks upon it, as we heard there was money in circulation with private marks on it."  The witness then went on to state that on examining the money, which consisted of five twenty dollar gold pieces, they found so much blood on one piece that the letters could not be seen, nor could it be washed out; and some blood on another piece; that Mrs. Simonds did not have this money before that day, as witness was in the habit of keeping her money for her.  This interview was about three o'clock in the afternoon of July 14th, 1860; and it was shown by other witnesses that just before this time, and an hour or two before the arrest, Mrs. Simonds and her husband were together at Lovelace's house; that he then gave her two twenty dollar gold pieces; that they were in a room alone for half an hour; that an empty purse, marked with Russell's name, was found on defendant when arrested, and that Russell, when last seen, had several hundred dollars.

Dr. Simmons testified that he examined some matter he scraped from a knife found on defendant, and that he was satisfied it was blood.  Another witness testified that when he arrested defendant, he had a knife having on it fresh blood.

Defendant was found guilty of murder.  Sentence accordingly. He appeals.

*J. W. Coffroth, G. W. Spaulding* and *W. W. Upton,* for Appellant, to the point that the declarations of defendant's wife were inadmissible; cited Roscoe Cr. Ev. 146; 3 Dana, 80.

*Thos. H. Williams,* Attorney General, for Respondent, to the point that the declarations of the wife were competent, not as declarations, but as explanatory of her acts; which acts tended to connect her husband with the crime charged; cited Roscoe, 23–24.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

We think the Court below erred in admitting the declarations of the prisoner's wife, as testified to by the witness, Mrs. Hilliard. It was perhaps competent to prove by the witness that the wife was in possession of the money, and its appearance, and what she did with it; for these facts are a part of the general transaction, and have some bearing upon the question of the taking and possession by the defendant; but we cannot perceive that it was proper to admit the declaration of the wife that her husband had given her the money. If a third person had made this declaration, no doubt can exist that it would have been mere hearsay and inadmissible; and we cannot see the difference in principle between the wife's declaration and that of any one else. It is true that it has been sometimes said declarations of a party at the time of doing an act, which is legal evidence, are admissible as parts of the *res gestœ,* but this rule does not apply to admit, as against third persons, declarations of a past fact, having the effect of criminating the latter. If so, any felon caught with stolen property might criminate an innocent man, by declaring that he obtained the property from such person, or that such third person was associated with the declarant in the criminal fact.

We are inclined to think the other points are not well taken, but it is not necessary to pass upon them specifically.

Judgment reversed and cause remanded.